```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                    NOT FOR PUBLICATION
        -against-                                                   **MEMORANDUM & ORDER**
                                                                    17-CR-00533 (CBA)
OBINNA STANLEY OKPALA,

                        Defendant.
----------------------------------------------------------x
```

**AMON, United States District Judge:**

On April 1, 2020, Defendant Obinna Stanley Okpala ("Okpala") applied to this Court for compassionate release for extraordinary and compelling reasons pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF Docket Entry ("D.E.") # 48 ("Def. Mot.").) The Government submitted a response on April 6, 2020. (D.E. # 49 ("Gov't Opp'n").) For the reasons stated below, Okpala's application is DENIED.

## BACKGROUND

After pleading guilty, Okpala was sentenced on January 9, 2015, to thirty-six months' imprisonment to be followed by five years' supervised release for conspiracy to commit bank fraud in violation of 18 U.S.C § 1349 before Judge Richard Bennett in the District of Maryland. (D.E. # 1.) On July 3, 2017, Okpala began his term of supervised release. (Id.) This Court accepted jurisdiction over Okpala's case on October 12, 2017. (Id.) Okpala committed a number of violations of his supervised release in 2018 and 2019, ultimately pleading guilty on June 21, 2019, to violating his supervised release by committing theft. (D.E. # 29.) Before sentencing on the violation of supervised release, Okpala submitted forged letters purporting to be from the FDNY on his behalf, (D.E. ## 34 at 4, 35), and subsequently pleaded guilty on October 30, 2019, to another violation of supervised release for failing to answer truthfully to his probation officer,

1

(D.E. # 39). This Court sentenced Okpala to a one-year plus one-day term of imprisonment on each violation of supervised release, to run concurrently, followed by two years of supervised release on each violation, also to run concurrently. (D.E. # 40.) Okpala surrendered to the custody of the Bureau of Prisons on January 2, 2020. (D.E. # 49 at 2.)

## STANDARD OF REVIEW

Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on defendant's behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

A court may modify a sentence only "after considering the factors set forth in section 3553(a) to the extent that they are applicable." Id. When sentencing for violation of supervised release, a court must consider the factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). 18 U.S.C. § 3583(e). A court therefore must consider when modifying such a sentence, to the extent applicable, the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence, to protect the public from future crimes, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences imposed in similar cases; and the need to provide restitution to any victims. 18 U.S.C. § 3553(a).

The First Step Act clearly makes all sentencing reductions pursuant to it discretionary. First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.").

**DISCUSSION**

As an initial matter, Okpala's motion must be denied because he has failed to first request that the warden of his BOP facility make a motion for compassionate release on his behalf and then wait 30 days to see if the warden so moves before Okpala brought a motion on his own behalf. Okpala has therefore failed to satisfy 18 U.S.C. § 3582(c)(1)(A).

However, even if Okpala had satisfied the requirement to first request that the warden of his BOP facility move on his behalf, a reduction in sentence would not be appropriate in his case. Okpala argues that he should be granted compassionate release by this Court because he and his wife are expecting another child and he would like to support his family during the COVID-19 pandemic. (Def. Mot. at 1.) He notes that he has already completed ninety days of his one-year plus one-day sentence, has taken several educational courses at his BOP facility, and states that he is ready for "healthy re-entry into society." (Id.) The Government opposes his motion because he is not in an at-risk category for COVID-19 as a healthy 29-year-old and therefore should not be granted compassionate release on medical grounds, is not unique or extraordinary in his preference to be with his family rather than in prison, and will not have been adequately deterred by serving only a fraction of his prison sentence, despite Okpala's claim to the contrary. (Gov't Opp'n at 3.)

The Court agrees with the Government that the COVID-19 pandemic does not provide a medical basis for Okpala's requested compassionate release. He is not in an at-risk population for the virus.[1] Moreover, Okpala's argument that he would prefer to be with his family at this difficult

---

[1] See People Who Are at Higher Risk, Centers for Disease Control and Prevention (Apr. 2, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.

time must fail, because Okpala can hardly be extraordinarily situated in that regard—all prisoners in BOP custody would presumably prefer to be with family at this time and at all times.

Okpala's argument that he has been adequately deterred and is ready to re-enter society also does not persuade this Court. As discussed <u>supra</u>, Okpala committed sequential violations of his supervised release, including making dishonest statements to Probation, after serving time for his underlying offense. This Court considered the need for deterrence from future such violations in imposing the sentence Okpala is presently serving, and is not inclined to alter it merely because Okpala claims to have been adequately deterred already. Moreover, the serial nature of Okpala's violations of supervised release—including the violation for dishonesty that occurred while another violation was already pending before this Court for sentencing—was factored into the sentence he currently is serving and counsels against granting leniency from the sentence imposed. Okpala has not demonstrated through his past behavior that he has been adequately deterred by the risk of incarceration or supervised release.

## CONCLUSION

Okpala has failed to satisfy the requirements of 18 U.S.C. § 3582(c)(1)(A). And even if he had, in considering the applicable factors set forth in 18 U.S.C. § 3553(a), this Court does not find a modification of Okpala's sentence to time served to be appropriate. The Court therefore DENIES Okpala's application for compassionate release.

SO ORDERED.

Dated: April 14, 2020
      Brooklyn, New York                                               /s/ Carol Bagley Amon
                                                                               Carol Bagley Amon
                                                                               United States District Judge